# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DENARD DARNELL NEAL,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:21CV00208 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **J. C. STREEVAL, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondents. ) | |

*Denard Darnell Neal, Pro Se Petitioner.*

The petitioner, Denard Darnell Neal, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. After reviewing his submissions, I find that his Petition must be summarily dismissed.

I.

Neal titles his petition as a "Request for Emergency Protection Order," seeking "An Emergency Order of Protection Against All Federal Employees At United States Penitentiary Lee" under § 2241.[1] Pet. 1, ECF No. 1. Neal states that he is a 58-year-old man confined at USP Lee who was sick with COVID-19 in April 2021. He admits that at the time he submitted his Petition, he had not yet completed

---

[1] The United States Penitentiary Lee ("USP Lee") is located within this judicial district.

all levels of the Federal Bureau of Prisons administrative remedy procedures but was in the process of doing so. *Id.* at 3.

Neal alleges the following facts on which he bases his habeas claims. On January 19, 2021, Neal submitted a written request to Officer Snodgrass for a "custody classification form," but also stated that he would not attend any program reviews based on his belief that officers were plotting to harm him. *Id.* The next day, Inmate Robert Boodie was released from a cell in the Special Housing Unit ("SHU") which had a "medical quarantine sign" on the door; Boodie was assigned as Neal's cell mate. *Id.* at 4. Neal later learned that Boodie had not been tested for COVID-19 before his release from the SHU. In the second week of February 2021, Neal became sick, lost his sense of smell and taste, and suffered coughing and breathing problems. He was unable to eat for six days. When he complained to staff, he was offered, but refused to undergo, a test for COVID-19.

Neal states his belief that Snodgrass targeted him to contract COVID-19 from Inmate Boodie with intent to murder Neal. In March 2021, Neal's mother allegedly filed a criminal complaint to the Federal Bureau of Investigation, using her power of attorney on Neal's behalf and alleging that USP Lee officers had targeted him to contract the COVID-19 virus from his cell mate.

On March 5, 2021, two female medical staff members came to Neal's cell, gave him a refill for his prostate medication, and pretended that Boodie tested

negative for COVID-19.  Since that date, officers have refused Neal's requests to make photocopies related to litigation efforts.  Neal contends that his cell should be rated for single occupancy, based on its size, but that Snodgrass has assigned Boodie to the cell to provoke fighting between the cell mates.

Based on these allegations, Neal claims that Snodgrass and Warden Streeval knowingly exposed him to COVID-19.  As relief, Neal seeks testing for COVID-19 anti-bodies, a criminal investigation, an evidentiary hearing, and termination of Snodgrass from his job.

## II.

Habeas corpus petitions are reserved for attacks on the fact or duration of the petitioner's confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Challenges to conditions or restrictions that the inmate encounters while in prison (such as prison restrictions regarding housing assignments or protection against infectious disease) fall well outside the core of habeas corpus subject matter and must be raised, if at all, in a civil action for damages or injunctive relief under federal or state law.  *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  Because Neal's Petition challenges only conditions of his confinement that do not undermine the constitutional validity of the fact or the duration of his confinement under his federal

criminal sentence, I will summarily dismiss his petition without prejudice for lack of jurisdiction.[2]

A separate Final Order will be entered herewith.

DATED:  November 18, 2021

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] Under 42 U.S.C. § 1983, an individual may bring a civil action against state actors for violations of constitutional rights.  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), the Supreme Court created a limited counterpart to § 1983, permitting individuals to bring a lawsuit against a federal actor for violating a right guaranteed by the Constitution or federal law.

I could treat Neal's submission as a civil rights action.  Courts must read a pro se litigant's allegations in a liberal fashion and hold their pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  I decline to construe Neal's Petition liberally as raising *Bivens* claims, however, because he admits that he failed to exhaust available administrative remedies *before* filing this civil action.  *See* 42 U.S.C. § 1997e(a).  Nor did Neal prepay, or agree to pay, the filing costs for a *Bivens* lawsuit, *see* 28 U.S.C. § 1915(b).